UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

SHERRY LITTLEJOHN,

      Plaintiff,

v.                                          Case No.  2:06-CV-20

MACKINAC FINANCIAL CORP.,          HON. GORDON J. QUIST
NORTH COUNTRY FINANCIAL
CORP., NORTH COUNTRY BANK
TRUST, MBANK AND DOES 1-20,

      Defendants.
_____/

## OPINION

Plaintiff, Sherry Littlejohn ("Littlejohn"), has sued Defendants, Mackinac Financial Corp., North Country Financial Corp., North Country Bank and Trust, mbank, and Does 1-20, alleging a claim under federal law for violation of the whistleblower provision of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, as amended by the Federal Deposit Insurance Corporation Improvement Act of 1991, 12 U.S.C. § 1831j, and state law claims for breach of contract and wrongful termination in violation of public policy. Now before the Court is Defendants' motion to dismiss or, alternatively, for summary judgment. Defendants assert in their motion that Littlejohn's federal whistleblower claim must be dismissed because it is barred by the two-year limitations period. Although Defendants do not expressly request it in their motion, in asking that the Court dismiss Littlejohn's complaint, they impliedly ask that the Court decline to exercise its supplemental jurisdiction over Littlejohn's state law claims pursuant to 28 U.S.C. § 1367(c)(3) after dismissing her federal claim. For the reasons stated below, the Court will grant Defendants' motion, dismiss Littlejohn's whistleblower claim with prejudice, and dismiss her state law claims without prejudice pursuant to § 1367(c)(3).

## I. Background

On May 12, 2005, Littlejohn filed a pro se complaint, captioned *Littlejohn v. North Country Bank & Trust, et al.*, No. 1:05-CV-342 (W.D. Mich.), against North County Bank and Trust, Mackinac Financial Corporation, and Does 1-10, alleging claims for violation of 12 U.S.C. § 1831j, breach of contract, and termination in violation of public policy ("*Littlejohn I*"). In her complaint, Littlejohn alleged that she was constructively discharged on May 21, 2003, when she tendered her resignation as North Country Bank's CEO. (*Littlejohn I* Compl. ¶ 21.) On September 27, 2005, attorneys Russell J. Thomas, Jr. and Aaron D. Graves entered their appearances on behalf of Littlejohn. On October 11, 2005, this Court issued a Notice of Impending Dismissal, which noted that more than 120 days had passed from the filing of the complaint without service upon the defendants and warned Littlejohn and her counsel that the case would be dismissed without prejudice unless counsel filed a verified petition Re: Service of Process by October 26, 2005. On October 28, 2005, this Court dismissed the case without prejudice after having received no response from Littlejohn. About a month and a half later, Littlejohn's counsel filed a motion to reinstate the case. The Court denied the motion in its December 23, 2005, Order, concluding that Littlejohn failed to demonstrate that her failure to prosecute the case, as well as her failure to respond to the October 11, 2005, Notice of Impending Dismissal, were the result of "excusable neglect." (12/23/05 Order at 2.) Littlejohn then filed the instant action, in which she asserts the same claims, on January 18, 2006.

## II. Motion Standard

Although Defendants have moved alternately for dismissal under Rules 12(b)(6) for failure to state a claim, Rule 12(c) for judgment on the pleadings, and Rule 56 for summary judgment, the Court concludes that the motion is properly considered under the standards applicable to a motion

for judgment on the pleadings under Rule 12(c) rather than Rule 12(b)(6), as the motion is predicated upon the affirmative defense of statute of limitations and does not involve matters outside of the pleadings. *See Hutcherson v. Lauderdale County*, 326 F.3d 747, 767 (6th Cir. 2003) (noting that the affirmative defense of res judicata was not available to the defendants prior to their filing a motion for judgment on the pleadings). The standard for a motion for judgment on the pleadings is the same as the standard for a motion to dismiss under Rule 12(b)(6). *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987). When ruling on a defendant's Rule 12(c) motion, a district court "must construe the complaint in the light most favorable to the plaintiff [and] accept all of the complaint's factual allegations as true." *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001) (citations omitted). In ruling on a motion for judgment on the pleadings, a court may not consider material outside of the pleadings. Fed. R. Civ. P. 12(c); *see also Hickman v. Laskodi*, 45 F. App'x 451, 454 (6th Cir. 2002).

### III. Discussion

**A.  Statute of Limitations**

Littlejohn brings her federal claim under 12 U.S.C. § 1831j, which provides, in relevant part:

> Employees of depository institutions. No insured depository institution may discharge or otherwise discriminate against any employee with respect to compensation, terms, conditions, or privileges of employment because the employee (or any person acting pursuant to the request of the employee) provided information to any Federal banking agency or to the Attorney General regarding –
> (A) a possible violation of any law or regulation; or
> (B) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety;
> by the depository institution or any director, officer, or employee of the institution.

12 U.S.C. § 1831j(a)(1). The limitations period for a claim under Section 1831j is two years:

> Any employee or former employee who believes he has been discharged or discriminated against in violation of subsection (a) may file a civil action in the

>    appropriate United States district court before the close of the 2-year period
>    beginning on the date of such discharge or discrimination. . . .

12 U.S.C. § 1831j(b).

Defendants contend that the Court must dismiss Littlejohn's claim under § 1831j(a) because Littlejohn filed her complaint in this case two years and eight months after her resignation on May 21, 2003 – the latest possible event that could give rise to claim. Defendants also assert that the limitations period was not tolled by Littlejohn's filing of her complaint in *Littlejohn I*. Defendants cite *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26 (6th Cir. 1987) (per curiam), as support for this argument. In *Wilson*, the plaintiff filed a complaint under Title VII after receiving a "right-to-sue" letter from the Equal Employment Opportunity Commission. She filed her complaint eighty-seven days after receiving the right-to-sue letter, leaving only three days remaining in the ninety-day limitations period. The district court granted the defendant's motion to dismiss on the ground that the plaintiff failed to perfect service within 120 days as required by Fed. R. Civ. P. 4(j). The district court dismissed the complaint on July 16, 1985, and the plaintiff refiled an identical complaint on October 9, 1985. The district court dismissed the plaintiff's second complaint because it was filed beyond the ninety-day period. On appeal, the plaintiff argued that the filing of her original complaint within the ninety-day period tolled the filing period and that she should have had another ninety days after the first dismissal in which to refile her complaint. The Sixth Circuit rejected the argument, stating:

>    Wilson's position that the filing of a complaint which is later dismissed without prejudice tolls the statutory filing period finds little support in the federal courts. It is generally accepted that a dismissal without prejudice leaves the situation the same as if the suit had never been brought, and that in the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending. *Bomer v. Ribicoff*, 304 F.2d 427 (6th Cir. 1962); 5 *Moore's Federal Practice* ¶ 41.05[2].

*Id.* at 27.

*Wilson* supports Defendants' position in this case that Littlejohn's filing of her original complaint did not toll the statute of limitations. *See Ester v. Amoco Oil Co.*, No. 93-6530, 1995 WL 518867, at *2 (6th Cir. Aug. 31, 1995) (citing *Wilson* and stating that "[t]his court has held that filing a complaint that is later dismissed for failure to perfect service does not toll the statute of limitations, and that refiled complaints filed after the statute of limitations has run are untimely").

In response to Defendants' motion, Littlejohn cites several cases for the proposition that pursuant to Federal Rule of Civil Rule 3 ("A civil action is commenced by filing a complaint with the court."), the filing of a complaint tolls the statute of limitations. The cases that Littlejohn cites are not on point and have no application to the facts of this case. For example, in *United States v. Wahl*, 583 F.2d 285 (6th Cir. 1978), the Sixth Circuit held that "literal compliance with Rule 3, F.R.Civ.P., is sufficient to interrupt the running of a federal statute of limitations." *Id.* at 287. However, *Wahl* did not involve a dismissal of the plaintiff's complaint for failure to perfect service. In fact, the government filed only one complaint in that case. The Sixth Circuit's holding that the government's filing of its complaint tolled the limitations period is thus of no consequence in this case. Likewise, *Mohler v. Miller*, 235 F.2d 153 (6th Cir. 1956), has no application in this case because the plaintiff's complaint was never dismissed for failure to perfect service. While the district court did dismiss the plaintiff's complaint for want of prosecution in *Moore Co. of Sikeston Missouri v. Sid Richardson Carbon & Gasoline Co.*, 347 F.2d 921 (8th Cir. 1965), unlike this case, the district court ultimately granted the plaintiffs' motion to vacate the order of dismissal. *Id.* at 922.

Furthermore, even if the Court accepted Littlejohn's argument that the filing of her original complaint tolled the statute of limitations, her claim would still be untimely. As the court noted in *Wilson*, recognizing tolling would merely mean that the plaintiff has the balance of the remaining time in the limitations period to refile the complaint, which was three days in *Wilson*. *See* 815 F.2d

at 27.  Here, Littlejohn filed her original complaint with only eight days left before the limitations period expired.  Thus, she would have had to refile her complaint by November 7, 2005, in order to assert a timely claim.

Finally, Littlejohn asserts that "Defendants' Motion can only be granted if Defendants can show that [they have] been prejudiced by Plaintiff's delay."  (Pl.'s Br. Opp'n at 11.)  Littlejohn fails to cite any relevant authority to support this proposition.  The cases that she does cite, *Refior v. Lansing Drop Forge Co.*, 124 F.2d 440 (6th Cir. 1942), and *Richman v. General Motors Corp.*, 437 F.2d 196 (1st Cir. 1971), have nothing to do with the statute of limitations issue currently before the Court.  Both cases involved dismissals for want of prosecution, not dismissals on the grounds of the statute of limitations.  Accordingly, the Court must dismiss Littlejohn's claim pursuant to § 1831j(a) with prejudice because it is barred by the two-year limitations period.

**B.      State Law Claims**

Having concluded that Littlejohn's sole federal claim should be dismissed, the Court must determine whether it should retain jurisdiction over Littlejohn's state law claims.  "A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996) (citing *Transcon. Leasing, Inc. v. Mich. Nat'l Bank of Detroit*, 738 F.2d 163, 166 (6th Cir. 1984)).  In deciding whether to exercise its supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues."  *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) (affirming district court's order granting summary judgment on federal claim and dismissing state law claims without prejudice).  "When all federal claims are dismissed before trial, the balance

6

of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson*, 89 F.3d at 1254-55 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 619 n.7 (1988)). Having dismissed Littlejohn's only federal claim, the Court concludes that the state law claims should be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

### IV. Conclusion

For the foregoing reasons, the Court will grant Defendants' motion for judgment on the pleadings on Littlejohn's federal claim. The Court will dismiss Littlejohn's state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

An Order consistent with this Opinion will be entered.


Dated: July 19, 2006                                    /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                                UNITED STATES DISTRICT JUDGE